OPINION
{¶ 1} Defendant-appellant Bridget Hollern appeals the July 21, 2006 Entry entered by the Delaware County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Citimortgage, Inc. and issued a decree of foreclosure.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 13, 2006, Citimortgage filed a Complaint in Foreclosure in the Delaware County Court of Common Pleas, naming appellant; James Doe, unknown spouse of appellant; Jack Doe, unknown occupant of the property; and the Delaware County Treasurer as defendants.[1] The foreclosure involved the property located at 38 Chestnut Street in Delaware, Ohio. On August 23, 2002, appellant executed a note and mortgage to Broadview Mortgage Company relative to the Chestnut Street property. The mortgage loan was subsequently assigned to Citimortgage. Appellant filed a timely answer to Citimortgage's complaint with general denials and affirmative defenses. On April 17, 2006, Citimortgage filed a Motion for Summary Judgment and Affidavit in Support. Appellant filed a memoranda contra to which Citimortgage filed a reply. Via Judgment Entry Granting Summary Judgment and Decree in Foreclosure, the trial court found the allegations contained in Citimortgage's complaint were true and appellant owed Citimortgage, upon the subject note, the principal balance of $76,528.09. The trial court rendered judgment in favor of Citimortgage.
 {¶ 3} It is from this entry appellant appeals, raising the following assignments of error:
 {¶ 4} "I. WHEN THE MATERIAL FACTS OF A CASE ARE IN DISPUTE, ISSUES OF MATERIAL FACT DO EXIST; SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED.
 {¶ 5} "II. AN AFFIDAVIT SUBMITTED IN SUPPORT OF A SUMMARY JUDGMENT MUST BE MADE UPON PERSONAL KNOWLEDGE AND CONFORM TO THE RULES OF EVIDENCE.
 {¶ 6} "III. ALL ISSUES OF CREDIBILITY MUST BE DECIDED BY A JURY AND ARE NOT APPROPRIATE FOR DETERMINATION IN A SUMMARY JUDGMENT MOTION.
 {¶ 7} "IV. WHEN NO DISCOVERY HAS BEEN CONDUCTED IN A DISPUTED CASE AND THE DEFENDING PARTY IN A MOTION FOR SUMMARY JUDGMENT REQUESTS TIME FOR DISCOVERY PURSUANT TO CIV. R. 56(F), SUCH TIME MUST BE GRANTED."
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 10} This appeal shall be considered in accordance with the aforementioned rule.
 Standard of Review {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 12} Civ.R. 56(C) states, in pertinent part:
 {¶ 13} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresherv. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 15} It is based upon this standard we review appellant's assignments of error.
 I {¶ 16} In her first assignment of error, appellant maintains the trial court improperly granted summary judgment in favor of Citimortgage as material facts are in dispute. Appellant sets forth two pages of standard law regarding summary judgment proceedings. Without reference to any facts of the case, appellant concludes, "The facts in dispute are the ones that are the very essence of the plaintiff-appellee's motion." Brief of Appellant at 11.
 {¶ 17} From review of Citimortgage's motion for summary judgment, appellant's memoranda contra, and Citimortgage's reply as well as the respective affidavits in support of the parties' motions, it appears appellant's position is a genuine issue of material fact exists as she made the monthly mortgage payments upon which Citimortgage bases its assertion of default. In support of her memoranda contra, appellant submitted her own affidavit, in which she stated, she "[s]ent made payments on the note and mortgage which is the subject of this litigation for the months of September 2005, October 2005, November 2005, December 2005 and January 2006 and that the note and mortgage were not in default when this foreclosure action was filed." Affidavit of Bridget Hollern at ¶ 2.
 {¶ 18} A review of the record reveals this statement is misleading, at best. Citimortgage has presented evidence of the checks tendered by appellant. However, the initial credit appellant received for these checks was withdrawn because each check was returned for insufficient funds. Citimortgage has shown no issue of material fact exists. Accordingly, we find the trial court did not err in granting Citimortgage's motion for summary judgment.
 {¶ 19} Appellant's first assignment of error is overruled.
 II {¶ 20} In her second assignment of error, appellant maintains the affidavit upon which Citimortgage relied in its motion for summary judgment did not conform to Civ. R. 56(E). Specifically, appellant asserts the statements made in the affidavit of Malinda Caywood, Vice President of Citimortgage, contained inadmissible hearsay statements.
 {¶ 21} Initially, we note appellant failed to raise this issue before the trial court; therefore, is precluded from raising the issue on appeal. Assuming, arguendo, the issue is ripe for review, we find the statements by Malinda Caywood were based upon business records and fall within the hearsay exception of Evid. R. 803(6).
 {¶ 22} Appellant's second assignment of error is overruled.
 III {¶ 23} In her third assignment of error, appellant argues summary judgment was inappropriate because the credibility of Citimortgage's witness was at issue and should have been decided by a jury. In light of appellant's misleading affidavit as to payment, we find no issue of credibility existed as to Caywood's affidavit based on Citimortgage's business records.
 {¶ 24} Appellant's third assignment of error is overruled.
 IV {¶ 25} In her final assignment of error, appellant maintains the trial court ignored her request to conduct discovery and should not have ruled on the motion for summary judgment.
 {¶ 26} Appellant argues the motion for summary judgment should have been denied as she needed to obtain copies of Citimortgages' account records and copies of her cancelled checks. Appellant did not file a Civ. R. 56(F) motion for an extension of time to respond to Citimortgages' motion for summary judgment. Additionally, the records submitted with Citimortgage's affidavit in support of summary judgment include copies of the cancelled checks and verify such checks were returned for insufficient funds.
 {¶ 27} Appellant's fourth assignment of error is overruled.
 {¶ 28} The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The other defendants are not parties to this appeal.